GERBER, J.
The defendant appeals his conviction for aggravated assault while possessing and discharging a firearm. He primarily argues that the trial court erred in: (1) overruling his Confrontation Clause objection to a deputy’s testimony recounting the statement of an alleged victim who did not testify at trial; and (2) sustaining the state’s objection to his attempted cross-examination of a detective who testified that the alleged non-testifying victim’s statement was consistent with the statement of a second alleged victim who testified at trial. We agree with these arguments. We reverse and remand for a new trial.
The deputy testified that he responded to a 911 call regarding shots fired in a residential neighborhood. When the deputy arrived at the scene, the two alleged victims flagged him down from a vehicle in the street. The deputy asked the men for the shooter’s location. The men pointed to the defendant’s house. The deputy went to the defendant’s house and detained the defendant without incident.
The deputy then returned to the alleged victims to find out what happened. When the state asked the deputy what the alleged non-testifying victim said, the defendant raised hearsay and Confrontation Clause objections. The state responded that any hearsay would fall under the excited utterance exception. The state did not respond to the Confrontation Clause objection. The trial court overruled the objections. The state then questioned the deputy regarding the alleged non-testifying victim’s statement:
STATE: [Deputy], we left off and I asked the question, what did [the alleged non-testifying victim] that day tell you about what had happened?
[[Image here]]
DEPUTY: Okay. [The alleged non-testifying victim] got his friend to drive them to where he used to live.... They got to the residence, went up to the door, knocked on the door. [The defendant] came to the door, said he didn’t want to speak to them. They knocked again wanting to know, hey, I’m here to get some of my stuff from the residence. At that point they saw [the defendant] approach the door. They ... heard gunshots. They turned and ran and ran down the street.
*499 The deputy’s testimony corroborated the testimony of the second alleged victim, who testified earlier in the trial.
A detective later testified regarding the formal statements which the alleged victims provided. The state asked the detective if the alleged victims’ statements were consistent with one another. The detective responded: “They were.” Later, the detective added: “I can’t say 100 percent for sure that everything, but ... they generally were the same account of what happened.” The detective then recounted the defendant’s statement claiming self-defense. According to the defendant, the men banged on the door. He saw a bulge in one of the men’s pants and thought it was a gun. He shot at the men because he thought they were trying to kill him.
The defendant attempted to cross-examine the detective about what the defendant believed were inconsistencies between the alleged victims’ statements. The state objected on the ground that the defendant was improperly attempting to impeach the alleged non-testifying victim. The defendant responded: “[The state] brought up if [the detective] observed any inconsistencies in the alleged victims’ statements and I’m asking if he did. And he said he didn’t, but I’m trying to point them out to him.... ” The court sustained the state’s improper impeachment objection.
The jury acquitted the defendant of aggravated assault as to the alleged non-testifying victim, but convicted the defendant of aggravated assault as to the alleged testifying victim.
This appeal followed. The defendant argues that the trial court erred in: (1) overruling his Confrontation Clause objection to the deputy’s testimony recounting the alleged non-testifying victim’s statements implicating the defendant; and (2) sustaining the state’s objection to his attempted cross-examination of the detective when the state opened the door to the alleged consistency between the alleged victims’ statements. We review the Confrontation Clause argument de novo. See McWatters v. State, 36 So.3d 613, 637 (Fla.2010) (“In considering a trial court’s ruling on admissibility of evidence over an objection based on the Confrontation Clause, our standard of review is de novo”) (citation and quotations omitted). We review the “open door” argument for an abuse of discretion. See Maharaj v. State, 78 So.3d 63, 66 (Fla. 4th DCA 2012) (“The standard of review of a determination of whether a party has opened the door is abuse of discretion as limited by the rules of evidence.”) (citation omitted).
We agree with the defendant’s Confrontation Clause argument. The Confrontation Clause bars “admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.” Davis v. Washington, 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (quoting Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). The United States Supreme Court has distinguished testimonial statements from nontestimonial statements as follows:
Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
*500 Davis, 547 U.S. at 822, 126 S.Ct. 2266 (footnote omitted).
Here, the statements which the alleged nontestifying victim made after the deputy detained the defendant were testimonial. Once the deputy detained the defendant, there was no ongoing emergency. Instead, the deputy’s primary purpose of questioning the alleged nontestifying victim was to establish what occurred between the defendant and the alleged victims for a later criminal prosecution. Thus, the trial court erred in overruling the defendant’s Confrontation Clause objection. Compare Davis, 547 U.S. at 829-30, 126 S.Ct. 2266 (wife’s statement to officers regarding her husband’s domestic battery was testimonial because the officers separated the husband from the wife before she made the statement; thus, there was no emergency in progress and the primary, if not the sole, purpose of the interrogation was to investigate a possible crime), with Michigan v. Bryant, — U.S. —, 131 S.Ct. 1143, 1165-67, 179 L.Ed.2d 93 (2011) (shooting victim’s statement to officers identifying the shooter was nontes-timonial because the police did not know the shooter’s location or the extent of the threat which he posed; thus, there was an ongoing emergency and the primary purpose of the interrogation was to enable the police to address the emergency).
The trial court’s error is subject to the harmless error test. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). Here, the state has not shown there is no reasonable possibility that the error did not contribute to the conviction. The deputy’s testimony about the non-testifying victim’s statement bolstered the testifying victim’s trial testimony and conflicted with the defendant’s post-arrest statement claiming self-defense.
We also agree with the defendant’s “open door” argument. The eviden-tiary principle of “opening the door”:
allows the admission of otherwise inadmissible testimony to qualify, explain, or limit testimony or evidence previously admitted. This principle is premised on considerations of fairness and the truth-seeking function of a trial. In order to open the door, the witness must offer misleading testimony or make a specific factual assertion which the opposing party has the right to comet so that the jury will not be misled.
Maharaj, 78 So.3d at 66-67 (emphasis added; citation omitted).
Here, the detective made a specific factual assertion that the alleged victims’ statements were consistent with one another. When the state asked the detective if the alleged victims’ statements were consistent with one another, the detective responded: “They were.” Later, the detective added: “I can’t say 100 percent for sure that everything, but ... they generally were the same account of what happened.” (emphasis added). The defendant sought to correct that factual assertion on cross-examination by pointing out what the defendant believed were inconsistencies between the alleged victims’ statements. The trial court erred in prohibiting the defendant from doing so.
This error also is subject to the harmless error test. The state has not shown there is no reasonable possibility that this error did not contribute to the conviction either. The detective’s testimony about the consistency between the alleged victims’ statements bolstered the *501 testifying victim’s trial testimony and conflicted with the defendant’s post-arrest statement claiming self-defense.
Based on the foregoing, we reverse the defendant’s conviction and sentence and remand for a new trial.[1]

Reversed and remanded for a new trial.

DAMOORGIAN and CIKLIN, JJ., concur.

. We have considered the defendant’s other two arguments on appeal and conclude without further discussion that those arguments lack merit.